SHEPARD TAPPEN, Appellant, *v.* THE ·STATE OF NEW YORK, Respondent.

Under the provisions of the act in relation to public health (§§ 62, 63, chap. 661, Laws of 1893) authorizing the state board of health to cause to be killed any animal affected with tuberculosis, and directing the payment to the owner of "the actual value at the time of destruction of any animal" so killed, to be determined by the Board of Claims, the owner is not entitled to the value of the animal considered as sound and unaffected by disease, but simply its actual value in its diseased condition.

(Argued April 19, 1895; decided April 30, 1895.)

APPEAL from award by the Board of Claims, made September 12, 1894, which directed an award of $1,400 in favor of the claimant.

The facts, so far as material, are stated in the opinion.

*Myer Nussbaum* for appellant. The actual value at the time of the destruction should be paid to the owner. Every presumption is in favor of compensating the owner where property is taken by the state. (Const. of N. Y. art. 1, § 6; *In re Jacobs*, 98 N. Y. 98.)

*T. E. Hancock, Attorney-General,* for respondent. The proper measure of damages was the actual value of the animals as affected by and liable to communicate tuberculosis on account of being brought in contact with other animals. (Laws of 1893, chap. 661, art. 4; *Dunlap* v. *Snyder*, 17 Barb.

561; *Brown* v. *Hoburger*, 52 id. 15; *Smith* v. *Griswold*, 15 Hun, 273; *Whitney* v. *Taylor*, 54 Barb. 540; *Van Rensselaer* v. *Mould*, 48 Hun, 401; 1 Sedg. on Dam. [8th ed.] § 250.) The Board of Claims were not bound by the evidence of claimant's witnesses as to the value of the cattle destroyed, but were bound to take into consideration the testimony given concerning their diseased condition, and to use their own judgment in light of all the testimony given upon the trial. (*Koehler* v. *Adler*, 78 N. Y. 287; *Elmwood* v. *W. U. T. Co.*, 45 id. 549; *Head* v. *Hargrave*, 105 U. S. 49, 50; *Patterson* v. *Boston*, 20 Pick. 159, 166; *Murdock* v. *Sumner*, 22 id. 156.)

Haight, J. A claim was filed by the appellant to recover the sum of $3,645, damages for the killing of forty Jersey cattle, owned by him, by the board of health of the state pursuant to the provisions of chapter 661 of the Laws of 1893. Before the cattle were killed the claimant caused them to be appraised upon the basis that they were sound and unaffected by disease. Upon the trial the attorney-general offered in evidence, without objection, the official autopsies on file in the office of the board of health, of each animal slaughtered, from which it appears that each was suffering from the disease of tuberculosis. The board so found as a fact and awarded the claimant $35 per head.

The only question which we are called upon to consider pertains to the measure of damages adopted by the board. Was the claimant entitled to the value of his cattle upon the basis that they were sound and unaffected by disease, or was he properly limited to the actual value in their diseased condition? It appears to us that the question is answered by the statute. It provides that "The actual value at the time of the destruction of any animal killed in pursuance of this article, not exceeding in the case of a horse affected with glanders the sum of fifty dollars, shall be paid to the owner thereof by the state; and the Board of Claims shall have exclusive jurisdiction to hear, audit and determine any such claim." (Laws of 1893, chapter 661, § 63.)

Actual value means the true value. True value depends upon the condition. If an animal is diseased it is not as valuable as it would be if sound, and its true value can only be determined upon full knowledge of all the facts connected with it.

It appears to us that the Board of Claims adopted the rule of damages provided for by the statute, and that the award should be affirmed, with costs.

All concur.

Award affirmed.